**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WALTER R. HUDSPETH, | § | |
| Petitioner, | § | |
| | § | **3:16-CV-774-M** |
| v. | § | **3:12-CR-211-M (09)** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**I.      Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C.

§ 2255.  He challenges his conviction for conspiracy to distribute and dispense hydrocodone

without a legitimate purpose and outside of the scope of professional practice.  On September 24,

2014, the district court sentenced him to an above guidelines sentence of 72 months.  On

February 12, 2016, the Fifth Circuit Court of Appeals affirmed.  *United States v. Hudspeth*, 639

Fed. Appx. 1004 (5th Cir. 2016).

On March 18, 2016, Petitioner filed this § 2255 petition.  He argues he received

ineffective assistance of counsel when:

(1)     Trial counsel failed to object to the government's intent to seek an upward

departure;

2.      Trial counsel failed to object to the court's imposition of an upward variance

based on his criminal history; and

3.      Appellate counsel failed to raise his ineffective assistance of trial counsel claims

on appeal.

On May 20, 2016, the government filed its response.  Petitioner did not file a reply.  The

Court now finds the petition should be denied.

## II.      Factual Background

The following factual background is taken from the PSR and sentencing transcripts.

In August 2010, Dr. Nicholas Padron was operating a clinic on Ross Avenue in Dallas,

Texas, where he wrote illegitimate prescriptions to patients seeking hydrocodone in exchange for

cash.  Petitioner would bring in patients who would pay cash for visits and who, in return, would

receive prescriptions for hydrocodone.  Dr. Padron, who did not examine patients prior to issuing

a prescription for hydrocodone, paid Petitioner a referral fee for each patient he brought in.  Dr.

Padron also wrote prescriptions for alprazolam, and promethazine with codeine, which is a cough

syrup.

Petitioner worked with other co-defendants to take patients to Dr. Padron's clinic and

then take them to pharmacies to have the prescriptions filled.  Petitioner and his co-defendants

would then take the pills from the patients and illegally re-sell them.

Petitioner and several others were indicted for conspiracy to distribute hydrocodone

outside the scope of professional practice and without a legitimate medical purpose.  A jury

found Petitioner guilty.

2

At sentencing, the government moved for an upward departure under the sentencing guidelines arguing that Petitioner's criminal history category substantially under-represented his criminal history.  Petitioner had 28 prior convictions.  On the information available, none of the prior offenses were close enough in time to the instant offense to garner criminal history points, so his criminal history was category I.  Five of the convictions might have garnered criminal history points, but the Texas Department of Criminal Justice was unable to produce records of Petitioner's date of release from state custody.  Had those convictions counted, Petitioner would have been in criminal history category VI.  Based on Petitioner's criminal history, the district court increased his criminal history category to IV under USSG § 4A1.3 and sentenced Petitioner to 72 months in prison.

## III.   Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different

outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.*

(quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A.     Notice of Upward Departure

Petitioner claims trial counsel was ineffective when counsel failed to object to the

government's oral notice of its intent to seek an upward departure.  Petitioner states the

government failed to provide sufficient notice of its intent to seek an upward departure as

required by Fed. R. Crim. P. 32(h).

Rule 32(h) states:

> Before the court may depart from the applicable sentencing range on a ground not
> identified for departure either in the presentence report or in a party's prehearing
> submission, the court must give the parties reasonable notice that it is contemplating such
> a departure. . . .

In this case, the PSR provided notice that Petitioner's criminal history could warrant

departure.  The PSR stated:

> Pursuant to USSG § 4A1.3, if reliable information indicates that defendant's Criminal
> History Category substantially under-represents the seriousness of the defendant's
> criminal history or the likelihood he will commit other crimes, an upward departure may
> be warranted.  In this case, the defendant has an extensive criminal history that dates back
> to the age of 17.  He has 14 previous felony convictions which include convictions for
> Burglary, Theft of Property, Burglary of a Building, Theft Over $200, Driving While
> Intoxicated, Attempted Murder, Unlawful Possession of a Controlled Substance, and
> Unlawful Possession with Intent to Deliver a Controlled Substance; and 14 misdemeanor
> convictions.  None of these convictions received criminal history points due to the date of
> the convictions or the type of offenses.  Five of the felony convictions could not be
> assessed criminal history points because TDCJ could not locate records of release for
> these convictions.

(PSR at ¶ 150.)

Additionally, Rule 32(h) does not require the government to provide notice, but instead

requires the court to provide reasonable notice that it is considering an upward departure.  In this case, the district court provided Petitioner with reasonable notice prior to granting the government's motion for upward departure.  The record shows that at the sentencing hearing, the government made an oral motion for upward departure based on Petitioner's criminal history. (Sent. Tr. at 17.)  The court informed defense counsel that it was considering the motion for upward departure, and the court stated it would reset the sentencing hearing if Petitioner needed additional time to respond to the motion.  (*Id*. at 18.)  Defense counsel conferred with Petitioner and informed the court that he did not want additional time to respond to the motion, but instead wanted to proceed with sentencing.  (*Id*. 19.)  The record shows, therefore, that neither the government, nor the court, violated Rule 32(h).  Petitioner has failed to show that he received ineffective assistance of trial or appellate counsel for their failure to raise this claim.

### B.    Criminal History

Petitioner claims he received ineffective assistance of trial and appellate counsel when counsel failed to argue that the criminal history in the PSR was unreliable, and the court should not have relied on it to upwardly depart from the sentencing guidelines.

Petitioner argued on direct appeal that the district erred in upwardly departing from the guideline range.  In denying Petitioner's claim, the Fifth Circuit stated:

> The PSR described Hudspeth's actual criminal history using information retrieved through the National Crime Information Center and Texas Crime Information Center. Hudspeth presented no evidence that the information was inaccurate, and he concedes that he has 14 previous felony convictions and 14 misdemeanor convictions.

*United States v. Hudspeth*, 639 Fed. Appx. 1004, 1010 (5th Cir. 2016).

The Fifth Circuit also stated that, "courts may consider information contained in a Pre-

Sentence Report (PSR), because it 'bears sufficient indicia of reliability to be considered evidence by the sentencing judge in making factual determinations." *Id*. at 1009 (quoting *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010)). Although a defendant may rebut information in the PSR, *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010), Petitioner has submitted no evidence that his criminal history listed in the PSR is incorrect. Petitioner has failed to establish that he received ineffective assistance of trial or appellate counsel for their failure to raise this claim.

**IV.**     **Recommendation**

For the foregoing reasons, the Court recommends that Petitioner's § 2255 petition be DENIED with prejudice.

IT IS SO ORDERED.

Signed this 10th day of March, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).